IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAWANNA L. DAVIDSON

      v.                       :  Civil Action No. DKC 25-2023

MICHAELS STORES, INC., a/k/a
Michael's Craft Store d/b/a   :
Michaels

**MEMORANDUM OPINION AND SHOW CAUSE ORDER**

After this personal injury case was removed from the Circuit Court for Montgomery County, Plaintiff's counsel has done little to pursue it.  A status report filed by Defendant at the initial close of the discovery period reported that Plaintiff had failed to respond to discovery requests and had not served any discovery requests of her own.  Defendant also filed a Motion to Dismiss. In order to ascertain whether counsel was derelict or Plaintiff had decided to abandon the litigation, the court directed counsel for Plaintiff to consult with Plaintiff and notify the court and opposing counsel whether Plaintiff had indeed abandoned the litigation.  Eventually, counsel for Plaintiff responded, indicating that personal circumstances had interfered with his practice of law since the prior summer.  He promised, however, that he would comply fully in a timely fashion with discovery obligations and court orders.  The parties discussed restarting discovery, and a new schedule was entered to allow more time for

Plaintiff to provide discovery responses, including expert disclosures. The earlier motion to dismiss was denied without prejudice.

Defendant has now advised the court, by filing a renewed motion to dismiss or for summary judgment, that Plaintiff did not provide any discovery or disclose any experts during the reopened and extended discovery period. It contends that her case should be dismissed for failure to prosecute and that, without expert evidence, Plaintiff cannot prove causation and her claim fails. When no response to the dispositive motion was received, the court directed Plaintiff to file a response. None has been filed.

## I.   Standard of Review

> Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

> Even in the absence of a motion, district courts have inherent authority to dismiss actions for failure to prosecute sua sponte. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), as amended (June 10, 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). In deciding whether to exercise its discretion to dismiss a case for failure to prosecute, the Court considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of

2

> deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id*. (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)), These criteria do not establish a "rigid four-prong test"; instead, "the propriety of an involuntary dismissal ultimately depends on 'the facts of each case.'" *Id*. (first quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), and then quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

*Gray v. Philadelphia Contributionship*, 779 F. Supp. 3d 567, 568–69 (D. Md. 2025).

## II.  Discussion

After filing this action in state court, Plaintiff has done close to nothing after removal, despite the prompting of Defendant and the court.  Three of the factors favor dismissal in that Defendant is prejudiced by its inability to conduct discovery, the inattention and inaction span several months, and there are no alternative sanctions available, given the lack of response to court orders.  The current record, however, does not indicate that Plaintiff is personally responsible for, or even aware of, the inaction.  As to that, there is no evidence that plaintiff has any culpability, other than hiring a lawyer shortly before the expiration of the statute of limitations who filed suit but then didn't pursue the litigation, possibly due to personal

3

circumstances.   As in *Spann v. N. Carolina Dep't of Pub. Safety*, No. 1:17-CV-00104-MOC-DLH, 2018 WL 310144, at *3 (W.D.N.C. Jan. 5, 2018), "[u]nder the first factor, plaintiff is without fault." Under these circumstances, the court will direct Plaintiff and her counsel to appear in court to show cause why this case should not be dismissed.

Accordingly, it is this 15th day of May, 2026, by the United States District Court for the District of Maryland, ORDERED that:

1.   Plaintiff and her counsel ARE DIRECTED to appear before the undersigned to show cause why this case should not be dismissed on Friday, June 5, 2026, at 11:00 a.m. at the United States Courthouse located at 6500 Cherrywood Lane, Greenbelt, Maryland. The assigned courtroom will be available the week of the proceeding on the court's website at www.mdd.uscourts.gov/calendar; and

2.   The Clerk will transmit copies of this Memorandum Opinion and Show Cause Order to counsel and directly to Plaintiff.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

4