IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TAWANNA L. DAVIDSON | : |
|  | : |
| v. | : Civil Action No. DKC 25-2023 |
|  | : |
| MICHAELS STORES, INC., a/k/a Michael's Craft Store d/b/a Michaels | : |

**MEMORANDUM OPINION**

## I.  Background

Counsel for Plaintiff Tawanna Davidson ("Plaintiff"), Jay S. Weiss ("Mr. Weiss"), has delayed this personal injury case since it was removed from the Circuit Court for Montgomery County on June 24, 2025.  The court initially set September 26, 2025, as the deadline for Plaintiff's Rule 26(a)(2) disclosures and December 10, 2025, as the deadline for the close of discovery.  (ECF No. 10, at 2).  Mr. Weiss failed to respond to discovery requests and served no requests of his own.

Defendant Michaels Stores, Inc. ("Defendant") then filed its first motion to dismiss.  (ECF No. 15).  To ascertain whether Mr. Weiss was the cause of the delay or if Plaintiff had decided to abandon the litigation, the court directed counsel for Plaintiff to consult with Plaintiff and notify the court and opposing counsel whether Plaintiff had indeed abandoned the litigation.  (ECF No. 16).  Eventually, Mr. Weiss responded, indicating that personal

circumstances had interfered with his practice of law since the prior summer. He promised, however, that he would comply fully in a timely fashion with discovery obligations and court orders. (ECF No. 17, at 2). The parties discussed restarting discovery, Defendant's first motion to dismiss was denied without prejudice, (ECF No. 23), and the court approved the parties' proposed schedule extending the discovery schedule, (ECF No. 20).

Mr. Weiss, however, did not comply with the new schedule. Consequently, Defendant filed a second motion to dismiss or for summary judgment,[1] advising the court that Plaintiff again did not provide any discovery or disclose any experts during the reopened and extended discovery period. (ECF No. 24, at 2). When no response to this dispositive motion was received, the court directed Plaintiff to file a response. (ECF No. 26). None was filed.

The court then issued an order directing Plaintiff and her counsel to appear in court and show cause why this case should not be dismissed. (ECF No. 28). At the show cause hearing on June 5, 2026, the court sanctioned Mr. Weiss and directed Defendant's counsel, Scarlett Corso ("Ms. Corso"), to submit to the court a

---

[1] Defendant's motion is styled as a "renewed motion to dismiss, for summary judgment or, in the alternative, motion in limine," (ECF No. 24, at 1). The court will refer to it as a motion for summary judgment for ease of reference.

record of the attorney's fees Defendant incurred because of Mr. Weiss's delays.  That same day, Ms. Corso submitted a detailed affidavit alleging $9,108.50 billed for 38.75 hours of attorney time because of Mr. Weiss's delays.  (ECF No. 32, at 2).  The court gave Mr. Weiss seven days to review these records and object to anything he found unreasonable.  No response was filed.

At the show cause hearing, the parties exchanged some discovery.  Ms. Corso informed the court that she would notify the court whether she intended to supplement her motion for summary judgment or pursue additional sanctions by June 26, 2026.  That date has passed, and Ms. Corso has not notified the court that anything further will be filed.

## II.  Discussion

Fed.R.Civ.P. 37(b)(2)(A) allows the court to impose sanctions when a party fails to obey a discovery order.  Fed.R.Civ.P. 37(b)(2)(C) allows the court to order an attorney to pay "reasonable expenses, including attorney's fees" caused by the failure to obey the discovery order.  As discussed in the show cause hearing, such a sanction is appropriate here.  To assess if the amount of attorney's fees sought is reasonable, the court will use the "lodestar method" which requires multiplying the number of hours worked by a reasonable hourly rate.  *See Whitaker v. Navy*

3

*Fed. Credit Union,* No. 09-cv-2288-RDB, 2010 WL 3928616, at *4 (D.Md. Oct. 4, 2010).

To calculate this sum, the court must (1) determine how many hours Ms. Corso billed because of Mr. Weiss's delays and (2) assess whether Ms. Corso's hourly rate was reasonable.

Ms. Corso represents that she has billed 38.75 hours of attorney time because of Mr. Weiss's delays. (ECF No. 32, at 2). The relevant period is from October 27, 2025, Defendant's initial deadline for Rule 26(a)(2) disclosures that passed without Mr. Weiss serving written discovery, to June 5, 2026, when Ms. Corso submitted her affidavit documenting her work stemming from Mr. Weiss's delays. (*Id.;* ECF No. 32-1, at 2). Ms. Corso's work during this period includes time billed in connection with Plaintiff's failure to comply with Rule 26(a)(2) and failure to serve written discovery responses. (ECF No. 32, at 2, 3). It also includes time Ms. Corso spent preparing the related dispositive and discovery motions, preparing for and attending the show cause hearing, and preparing her affidavit of fees. (*Id*. at 3). Finally, it includes time spent on communications with the court, Mr. Weiss, and Defendant's representatives. (*Id*.) Upon

4

review of the attached billing records, the court finds 38.75 hours of time to be a reasonable estimate.[2]

Ms. Corso billed this matter at a rate of $235 per hour. (ECF No. 32, at 1). The court looks, in part, to Local Rule Appendix B to determine whether an hourly rate is reasonable. The Local Rules advise using the Fitzpatrick Matrix, which provides guideline rates based upon an attorney's years of experience. *See* Loc.R.App.B, Guideline 3 (D.Md. Dec. 2025). The Local Rules further advise reducing the baseline rate by 5% to 20% to account for differences in the legal market between D.C. and Maryland. Ms. Corso has more than fifteen years of experience practicing law. (ECF No. 32, at 1). Accordingly, the Fitzpatrick Matrix suggests $795 as a baseline hourly rate. Ms. Corso's rate of $235 per hour is well within reasonable parameters.

The lodestar method described above yields $9,106.25[3] in time billed to the Defendant because of Mr. Weiss's failure to comply

---

[2] Ms. Corso provided billing records in a variety of formats, with several redactions. (ECF No. 32-1, at 1-19). The court reviewed these records and the exact amount of time billed is ambiguous. Including all redacted records, as seemingly indicated with strikethrough text, the court counts 41.3 hours of billed time. Omitting the redacted hours, the court counts 40.6 billed hours. Given Defendant's counsel requested only 38.75 hours, and Plaintiff's counsel did not respond or object to this estimate, the court finds 38.75 is a reasonable estimate.

[3] 38.75 hours x $235 per hour = $9,106.25. Ms. Corso incorrectly alleges $9,108.50 is the product of these numbers. (ECF No. 32, at 2).

with court orders.   Based on a thorough review of Ms. Corso's billed hours in this matter and her billable rate, the court will impose that sum as a sanction on Mr. Weiss for his conduct in this case.

Finally, Ms. Corso has not advised the court that she intends, upon reviewing the discovery exchanged at the show cause hearing, to supplement her motion for summary judgment or pursue additional sanctions.   Defendant's motion, (ECF No. 24), is premised on Plaintiff's failure to participate in discovery as of the date of filing.   Mr. Weiss hand-delivered discovery documents to Ms. Corso at the show-cause hearing, making Defendant's earlier arguments moot.   The court will deny Defendant's summary judgment motion as moot and direct the parties to file a status report with a proposed schedule.

## III. Conclusion

For the foregoing reasons, the court will order Mr. Weiss to pay $9,106.25 in attorney's fees to Defendant within 30 days.   The court will order the parties to file a status report with a proposed schedule for moving this case forward.   A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

6